IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 1:08-cv-2425 |
| | ) | Case No. 1:08-cv-2426 |
| | ) | Case No. 1:08-cv-2428 |
| Resource Technology Corporation, | ) | |
| | ) | Appeal from Bankr. Case |
| Debtor. | ) | No. 99 B 35434 |

**MOTION TO CONSOLIDATE APPEALS**

Jay A. Steinberg, not individually but solely as Chapter 7 Trustee (the "Chapter 7 Trustee") for the Estate of Resource Technology Corporation (the "Estate"), by and through his counsel, moves this Court pursuant to Rule 42(a) of the Federal Rules of Civil Procedure to consolidate the above-captioned appeals. In support of his motion, the Chapter 7 Trustee states:

**BACKGROUND**

1.  These matters come before the Court on appeals from a Chapter 7 bankruptcy proceeding pending in the United States Bankruptcy Court for the Northern District of Illinois, captioned *In re: Resources Technology Corporation*, Case No. 99 B 35434 (the "Bankruptcy Proceeding"). The appeals have been docketed as Case Nos. 1:08-cv-2425, 1:08-cv-2426, and 1:08-cv-2428 (the "Appeals").

2.  The appellants in the Appeals are the Chapter 7 Trustee (Case No. 1:08-cv-2428); Illinois Investment Trust No. 92-7163 (the "Trust") (Case No. 1:08-cv-2426); and Harry Henderson, as state court receiver (Case No. 1:08-cv-2425) (collectively, "Appellants").

3.  All three Appeals are taken from the same two orders: (1) an Order entered by the Bankruptcy Court on February 19, 2008, denying the Chapter 7 Trustee's Motion to Assume and Assign Certain Agreements (Bankruptcy Proceeding, Docket No. 4176); and (2) an Order entered by the Bankruptcy Court on March 11, 2008, denying Motion to Allow for the

Presentation of Additional Circumstances, for the Stay of Enforcement of the Court's Order and to Allow for the Assumption and Assignment of Contracts (Bankruptcy Proceeding, Docket No. 4204) (collectively, the "Orders").

4.  Appellants timely filed their respective Notices of Appeal under 28 U.S.C. § 158(a)(1) on March 20, 2008 (Bankruptcy Proceeding, Docket Nos. 4208, 4211, and 4214), and timely filed their respective Statements of Issues and Designations of Contents for Inclusion in Record on March 31, 2008 (Bankruptcy Proceeding, Docket Nos. 4223, 4225, and 4227).

5.  The Appeals are all assigned to this Court, and were docketed on April 29, 2008.

6.  At issue in the Appeals is the assumption and assignment of certain contracts to develop and install landfill-gas-to-energy projects at landfills in Litchfield, Illinois (the "Litchfield Agreement"), Bloomington, Illinois (the "Bloomington Agreement"), Springfield, Illinois (the "Springfield Agreement"), and Peoria, Illinois (the "Peoria Agreement") (collectively, the "Agreements"). Pursuant to a Settlement Agreement approved by the Bankruptcy Court on March 16, 2006, the Chapter 7 Trustee moved for assumption of the Springfield Agreement, the Bloomington Agreement, and the Peoria Agreement, and assignment of the Estate's rights under all the Agreements to the Trust. In the Orders under appeal, the Bankruptcy Court denied the Chapter 7 Trustee's motion to assume and assign the Agreements, and subsequently denied the Chapter 7 Trustee's motion to allow for the presentation of additional circumstances and to allow for the assumption and assignment of the Agreements.

7.  Appellants have raised common issues of law and fact in their respective appeals, with regard to the question of whether the Bankruptcy Court erred in its decision that the evidence at trial failed to show adequate assurances of future performance by the Trust under 11 U.S.C. § 365.

**ARGUMENT**

I. **The Appeals Should Be Consolidated Pursuant to Rule 42(a)**

8. Rule 42(a) of the Federal Rules of Civil Procedure provides, in relevant part: "**(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may: * * * (2) consolidate the actions[.]"

9. The Appeals involve common questions of law and fact. All three Appeals are taken from the same two Orders of the Bankruptcy Court, all three involve the assumption and assignment of the Agreements, and all three involve common issues of law and fact regarding whether the Bankruptcy Court erred in its decision that the evidence at trial failed to show adequate assurances of future performance by the Trust under 11 U.S.C. § 365.

10. In light of the perfect overlap of issues and facts involved in the Appeals, briefing in all three Appeals will be identical or substantially the same, separate consideration of each Appeal would needlessly expend judicial resources on duplicative matters, and separate consideration of each Appeal would create a risk of conflicting or inconsistent adjudications.

11. For these reasons, the Appeals should be consolidated into a single proceeding in accordance with Rule 42(a).

WHEREFORE, Defendant Jay A. Steinberg, not individually but solely as Chapter 7 Trustee, respectfully requests that this Court enter an Order: (1) consolidating the Appeals; and (2) granting such other and further relief as the Court deems necessary and appropriate. A proposed Order is included with this Motion as **Exhibit 1**.

Dated: May 5, 2008   **Jay A. Steinberg, not individually but solely as Chapter 7 Trustee for Resource Technology Corporation**

By:   /s Gregory E. Ostfeld
    _____
    James G. Richmond
    Gregory E. Ostfeld
    GREENBERG TRAURIG, LLP
    77 West Wacker Drive, Suite 2500
    Chicago, Illinois 60601
    (312) 456-8400

*CHI 57,142,708v2 5/5/2008*

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 1:08-cv-2425 |
| | ) | Case No. 1:08-cv-2426 |
| | ) | Case No. 1:08-cv-2428 |
| Resource Technology Corporation, | ) | |
| | ) | Appeal from Bankr. Case |
| Debtor. | ) | No. 99 B 35434 |

## ORDER

This matter coming on the Chapter 7 Trustee's Motion to Consolidate Appeals, IT IS HEREBY ORDERED:

1. The Court GRANTS the Motion to Consolidate Appeals.

2. Case Numbers 1:08-cv-2425, 1:08-cv-2426, and 1:08-cv-2428 are hereby consolidated in accordance with Rule 42(a) of the Federal Rules of Civil Procedure.

Dated: May ___, 2008                    _____
                                                        Judge Presiding

*CHI 57,142,708v2 5/5/2008*